UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL WRIGHT,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-614-PPS-MGG

DUSTIN YOUNG AND UHLES,

Defendants.

OPINION AND ORDER

James Michael Wright, a prisoner without a lawyer, filed a lawsuit against two Elkhart police officers alleging they violated his Fourth Amendment rights. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wright alleges on May 24, 2018, he was arrested and his wife's car was searched. He is suing because he believes the arrest and search violated his Fourth Amendment rights. Wright has attached a copy of the police report, but he disputes many of the facts presented in that report. Though I will note many of these disputes, for the purpose of this screening, I am relying only on his version of the disputed events.

The report says Wright was driving the car when it was pulled over. Wright makes no mention of driving and says the car was lawfully parked. The report says "a bolt was missing from the plate. The plate was improperly displayed not in a horizontal position and appeared not securely fastened as though it was going to fall off." ECF 1-1 at 1. Wright notes he was not formally charged with the improper display of the plate but does not dispute it was improperly displayed. The report says Wright exited the vehicle and put his hands in his pocket and waistband. The report says the officer drew his gun and ordered Wright back into his car until another officer arrived on the scene. The report says Wright "continued to reach around the floorboard of the vehicle." *Id*. Wright acknowledges he was ordered back into the car, but he disputes the report's description of his physical movements. The report says when another officer arrived, Cpl. Young ordered Wright to exit the vehicle so he could conduct "a pat down for officer safety [before putting] him into handcuffs and place[ing] him into the rear of my patrol vehicle." *Id*. Wright acknowledges he was handcuffed and put in the police car. The report says the Cpl. Young knew from previous calls that Wright was a felon "known for violent crimes who also is known to carry handguns." *Id*. Wright says Cpl. Young knew him because Cpl. Young previously had sex with his wife. Wright says he has only one violent crime on his record, but no gun related offenses. He also says Cpl. Young has never responded to any calls involving him.

So at this point, here are the central facts based on the complaint filed by Wright: Cpl. Young saw Wright in the driver's seat of a car with an improperly displayed license plate; so he ordered Wright out of the car, frisked him, handcuffed him, and put

him into the back seat of a police car. So "[t]he question is whether the Fourth Amendment forbids a warrantless arrest for a minor criminal offense . . . ." *Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001). In *Atwater*, the United States Supreme Court answered the question saying, "it does not." *Id*. The plaintiff in that case was arrested for a "seatbelt violation punishable only by a fine . . . not less than $25 or more than $50." *Id*. Here, Indiana Code 9-18.1-4-4(b)(1) requires a license plate to be "securely fastened, in a horizontal and upright position . . . ." Pursuant to Indiana Code 34-28-5-4(f)(3), the fine for this offense ranges from $35.50 to $500 depending on various circumstances. The facts alleged by Wright are not meaningfully different than those in *Atwater* and the answer must therefore be the same. Cpl. Young did not violate the Fourth Amendment when he seized Wright on May 24, 2018.

After Wright was seized, Cpl. Young returned to the car and "observed in plain view on the passenger's seat of the vehicle a small clear plastic jewelry baggie [with] a clear crystal like substance . . . suspected [to be] crystal methamphetamine . . . ." ECF 1-1 at 1. A warrantless seizure is justified under the plain view doctrine when: (1) a law enforcement officer is lawfully present; (2) and item is in the plain view of the officer; and (3) the incriminating nature of the item is immediately apparent. *United States v. Berkowitz*, 927 F.2d 1376, 1388 (7th Cir. 1991). Thus is the case here. Cpl. Young was lawfully looking into the car. The baggie was in plain view. Cpl. Young recognized the substance was an illegal drug. Wright acknowledges throwing the baggie onto the passenger seat and admits it was his. So seizing the baggie did not violate the Fourth Amendment and a field test result later showed the substance was methamphetamines.

The discovery of crystal meth also constituted another basis for arresting Wright and continuing the search of the vehicle. "[A]n automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains evidence relevant to the crime of arrest." *Davis v. United States*, 564 U.S. 229, 234 (2011) (quotation marks and citation omitted). Here, though Wright was not within reaching distance of the vehicle, it was reasonable for Cpl. Young to believe the vehicle contained other evidence relevant to the drug offense. So searching the vehicle did not violate the Fourth Amendment.

Wright alleges after he was given his *Miranda* rights, Cpl. Young coerced him into talking by asking him questions. Certain types of police conduct may violate the Fourth Amendment and result in the exclusion of evidence against a suspect. *See Arizona v. Fulminante*, 499 U.S. 279, 287 (1991) (credible threat of physical violence is sufficient to render a suspect's confession the product of coercion). However, Wright does not allege he asserted his right to remain silent nor that any physical force or threats were made against him. *See Berghuis v. Thompkins*, 560 U.S. 370, 388 (2010). Therefore when the police continued to ask him questions, it was not a violation of his Fourth Amendment rights.

Wright alleges a warrant was eventually obtained to fully search his vehicle and to open a safe secured under the driver's seat. He speculates the warrant may not have been lawfully obtained, but he has provided no facts from which it can be plausibly inferred that it was not. A complaint must contain sufficient factual matter to "state a

claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because these allegations do not, he has not stated a Fourth Amendment claim based on the acquisition of the search warrant.

Finally, Wright makes several allegations about things that were said to his wife. It is beyond the scope of this lawsuit to determine whether his wife might have a claim if she were to file a lawsuit. It is sufficient merely to note she is not a party to this lawsuit.

This complaint does not state a claim. Though it seems unlikely Wright has additional facts with which he can state a claim against either of these two defendants based on his arrest and the search of the vehicle, if he does he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to James Michael Wright;

(2) GRANTS James Michael Wright until **December 20, 2018**, to file an amended complaint on that form; and

(3) CAUTIONS James Michael Wright if he does not respond by the deadline, this case will be DISMISSED without further notice because the current complaint does not state a claim.

SO ORDERED on November 26, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT