UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL WRIGHT,

Plaintiff,

v.   CAUSE NO.: 3:18-CV-614-PPS-MGG

DUSTIN YOUNG AND UHLES,

Defendants.

OPINION AND ORDER

James Michael Wright, a prisoner without a lawyer, filed an amended complaint to provide additional facts because his original complaint did not state a claim. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wright alleges that on May 24, 2018, he was arrested and his wife's car was searched. He is suing because he believes the arrest and search violated his Fourth Amendment rights. Wright alleges he was standing outside of his wife's car when Corporal Young initiated a traffic stop because the license plate on the car was improperly mounted. Wright does not dispute the plate violated Indiana Code 9-18.1-4-

4(b)(1) which requires a license plate to be "securely fastened, in a horizontal and upright position . . .." Pursuant to Indiana Code 34-28-5-4(f)(3), the fine for this offense ranges from $35.50 to $500 depending on various circumstances. In *Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001), the United States Supreme Court found that the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense such as a traffic violation for which the fine ranged from $25 to $50. Therefore Wright does not state a claim for being unlawfully arrested.

Wright alleges Cpl. Young used excessive force to effectuate the arrest for a minor nonviolent crime when he pointed his gun at him while he was compliant and non-threatening.

> The question whether the seizure was unreasonable under the Fourth Amendment depends on whether it was objectively reasonable, judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. The proper application of this test requires an analysis of the facts and circumstances of the case, "including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Plaintiffs need not show physical injury in order to sustain an excessive force claim.

*Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009). Thus, "pointing a gun at a compliant adult in a non-threatening situation, as in this case, can also constitute excessive force." *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009). Therefore Wright may proceed on this claim of excessive force against Cpl. Young.

Wright alleges that after he was handcuffed and placed in the police car, Cpl. Young returned to his wife's car and observed illegal drugs on the passenger seat in plain view. A warrantless seizure is justified under the plain view doctrine when: (1) a

2

law enforcement officer is lawfully present; (2) and item is in the plain view of the officer; and (3) the incriminating nature of the item is immediately apparent." *United States v. Berkowitz*, 927 F.2d 1376, 1388 (7th Cir. 1991). Thus is the case here.

Wright argues the illegal drugs would not have been in plain view if Corporal Uhles had not unlawfully ordered his wife out of the car. However, Wright's wife owned the car and was also subject to being arrested for the improperly displayed license plate. Therefore it was not unlawful to have ordered her out of the car.

The discovery of illegal drugs in the car was another reason for arresting Wright and continuing the search of the vehicle. "[A]n automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains evidence relevant to the crime of arrest." *Davis v. United States*, 564 U.S. 229, 234 (2011) (quotation marks omitted). Here, though Wright was not within reaching distance of the vehicle, it was reasonable for Cpl. Young to believe the vehicle contained other evidence relevant to the illegal drug offense. So searching the vehicle did not violate the Fourth Amendment.

Finally, Wright speculates the warrant authorizing the search of a safe attached to his wife's car was invalid because the drugs were his and the car was not. This argument is meritless. His drugs were found in a car owned by his wife. Wright's relationship with his wife and her car make it reasonable to believe he might have stored other items in the car besides the illegal drugs found on the seat. Wright has provided no facts from which it can be plausibly inferred that the warrant was invalid

or that these defendants did anything improper to obtain it. Therefore these allegations do not state a claim.

For these reasons, the court:

(1) GRANTS James Michael Wright leave to proceed against Dustin Young in his individual capacity for compensatory and punitive damages for pointing his handgun at him during the arrest on May 24, 2018, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES defendant Uhles;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Elkhart Police Department on Dustin Young with a copy of this order and the Amended Complaint (ECF 6); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dustin Young to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 9, 2019.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT