UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL WRIGHT,

    Plaintiff,

v.

DUSTIN YOUNG,

    Defendant.

CAUSE NO. 3:18-CV-614-DRL-MGG

OPINION & ORDER

James Michael Wright, a prisoner without a lawyer, proceeds against one defendant on one claim: "Dustin Young in his individual capacity for compensatory and punitive damages for pointing his handgun at him during the arrest on May 24, 2018, in violation of the Fourth Amendment." Officer Young now requests summary judgment. Mr. Wright has responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case."

*Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Officer Young initiated a traffic stop on May 24, 2018 when he saw a vehicle with an improperly mounted license plate. Thereafter the material facts prove in dispute. Officer Young says he saw Mr. Wright exit the stopped vehicle after he turned on his lights and siren. ECF 42-1 at 2. He says Mr. Wright "suddenly turned towards me [and] placed his hands in his right pants pocket and reached toward his waistband." *Id.* at 2-3. Though he acknowledges drawing his gun, he says he "never pointed [it] at James Michael Wright." *Id.* at 3. In contrast, Mr. Wright describes the event this way:

> I was standing outside of the parked vehicle when Officer Young "initiated his traffic stop." Officer Young turned on his siren and lights, I turned around to see what was going on, when I turned around to face him I seen he had his gun drawn and pointed at me. I immediately put my hands into the air because I was in fear for my life and Officer Young then ordered me into the vehicle.

ECF 46 at 3.

Officer Young objects that the response brief lacks a section titled "Statement of Genuine Disputes" as required by N.D. Ind. L.R. 56-1(b)(2). Mr. Wright isn't represented by counsel, and his response unambiguously sets forth these disputed facts. Moreover, Federal Rule of Civil Procedure 56(c)(3) permits the court to consider any materials in the record even if not properly cited. His statement in his response is consistent with the sworn statement he made in his amended complaint: "I was outside of my wife's vehicle when Officer Young pulled up. Office Young used excessive force by drawing his handgun and ordering me at gunpoint into the driver seat of my wife's vehicle." ECF 6 at 2. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) ("[A] verified complaint—signed, sworn, and submitted under penalty of perjury—can be considered 'affidavit material' provided the factual allegations otherwise satisfy the affidavit criteria specified in Rule 56 of the Federal Rules of Civil Procedure and the declarant complies with 28 U.S.C. § 1746, which sets forth the requirements for verification under penalty of perjury.").

Officer Young objects that Mr. Wright's statement is speculation. This seems hardly so. Federal Rule of Evidence 602 permits a person to testify about facts within his personal knowledge. Mr. Wright says he turned around and saw Officer Young pointing a gun at him. That statement is about facts within his personal knowledge. It isn't based on speculation.

Construing the facts in the light most favorable to Mr. Wright, Officer Young pointed his gun at the back of a person standing beside a car with an improperly mounted license plate. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* However, "police are not entitled to point their guns at citizens when there is no hint of danger." *Id.* Based on the disputed facts alleged by Mr. Wright, Officer Young could have had no reasonable fear of danger when he is alleged to have pointed his gun at Mr. Wright's back while he was standing next to a car with an improperly mounted license plate. If proven, a reasonable jury could find that Officer Young used excessive force.

Officer Young also argues he is entitled to qualified immunity. "A public official defendant is entitled to qualified immunity unless two disqualifying criteria are met. First, the evidence construed in the light most favorable to the plaintiff must support a finding that the defendant violated the plaintiff's constitutional right. Second, that right must have been clearly established at the time of the violation." *Day v. Wooten*, 947 F.3d 453, 460 (7th Cir. 2020). Here, the defendant's qualified immunity

argument has not construed the evidence in the light most favorable to the plaintiff. When so construed, that right was clearly established by 2018 when these events occurred because "pointing a gun at a compliant adult in a non-threatening situation, as in this case, can also constitute excessive force." *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009). Officer Young is not entitled to qualified immunity on this disputed record.

Accordingly, the court DENIES the summary judgment motion (ECF 41).

SO ORDERED.

August 28, 2020                             *s/ Damon R. Leichty*
                                            Judge, United States District Court